UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| TERRANCE J. FEASTER, | : | Case No. 1:22-cv-453 |
| Plaintiff, | : | |
| vs. | : | District Judge Susan J. Dlott |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| ANNETTE CHAMBERS-SMITH, et al., | : | |
| Defendants. | : | |

**ORDER AND
REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Ohio State Penitentiary, previously located at the Southern Ohio Correctional Facility (SOCF), has filed a pro se civil rights complaint in this Court pursuant to 42 U.S.C. § 1983. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

**A. Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324

(1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] Formerly 28 U.S.C. § 1915(d).

of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

    **B. Allegations in the Complaint**

Plaintiff brings this complaint against defendants ODRC Director Annette Chambers-Smith, SOCF Warden Ronald T. Erdos, SOCF Health and Safety Coordinator Greg Holdren, SOCF Inspector Linnea Mahlman, and SOCF Nurse Practitioner David Conley in their individual capacities. (Doc. 1-1, Complaint at PageID 12). As discussed below, the complaint includes three claims concerning the conditions of confinement at SOCF, alleged denial of medical care, and the administrative grievance process.

As to his claim regarding the conditions of confinement, plaintiff claims that in August and September of 2020, plaintiff filed complaints with the SOCF medical department and defendant Greg Holdren. (*Id.* at PageID 13-14). Plaintiff alleges that the prison conditions at SOCF included black mold and rust in the showers, cells, and prison ventilation, as well as extreme mice and roach infestation. (*Id.* at PageID 14). According to plaintiff, as a result of exposure to the conditions at SOCF, he sustained severe and permanent damage to his feet and respiratory system, resulting in physical pain while standing, shortness of breath, and anxiety/emotional distress. He further alleges that he contracted "P.B.C." and developed a heart murmur. (*Id.* at PageID 14-15).

In his second claim, plaintiff alleges that he was denied medical treatment for his injuries. Specifically, plaintiff alleges he was assessed by defendant Nurse Practitioner Conley on numerous occasions. During this time, plaintiff claims that his injuries became more severe and infected, yet Conley "deliberately refused to refer the plaintiff to a proper physician and foot doctor." (*Id.* at PageID 14).

With respect to the grievance process, plaintiff claims that he filed numerous complaints, grievances, and kites with defendant Inspector Mahlman concerning the prison conditions and his medical care. (*Id.* at PageID 17). According to plaintiff, Mahlman's failed to take action on his complaints, investigate his grievances, or properly implement the grievance process. Plaintiff further claims that Mahlman instead placed him on grievance restriction and confiscated his complaints from his cell. (*Id.* at PageID 17-18).

As relief, plaintiff seeks injunctive relief, as well as monetary damages. (*Id.* at PageID 20).

**C. Analysis.**

Based on the above factual allegations, plaintiff brings three claims. First, plaintiff claims defendants Chambers-Smith, Erdos, and Holdren violated his Eighth Amendment rights in connection with the prison conditions at SOCF. In his second claim, plaintiff alleges that defendant Conley was deliberately indifferent to his serious medical needs, also in violation of the Eighth Amendment. Finally, plaintiff alleges that defendant Mahlman violated his due process rights in connection with the grievance process.

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his Eighth Amendment, medical-care claim against defendant Conley. Out of an abundance of caution, plaintiff may also proceed with his conditions of confinement claim against defendant Holdren. However, the remainder of plaintiff's claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

First, plaintiff's claims against defendants Chambers-Smith and Erdos are subject to dismissal. As noted above, plaintiff claims that these defendants violated his constitutional rights in connection with the alleged conditions at SOCF. To establish an Eighth Amendment violation, a plaintiff must first demonstrate objectively the unique deprivation of "the minimal civilized measure of life's necessities." *Id.* at 454 (quoting *Rhodes,* 452 U.S. at 347); *see also Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer,* 511 U.S. at 834) ("[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."). He then must subjectively show the defendant acted "wantonly, with deliberate indifference to the plaintiff's serious needs." *Richmond*, 450 F. App'x at 455 (citing *Farmer,* 511 U.S. at 834). However, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive

5

risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *See Farmer,* 511 U.S. at 837.

In this case, plaintiff has not alleged any facts to plausibly suggest that defendants Chambers-Smith and Erdos were aware of the conditions allegedly resulting in his injuries,[2] much less that they were deliberately indifferent to his safety.  Although plaintiff claims these defendants should have addressed the conditions at SOCF through compliance with state regulations and ODRC policies, "[m]erely failing to alleviate a significant risk that the official should have perceived is insufficient to establish liability."  *Schrader v. Collins*, No. 97-4471, 1998 WL 863427, at *1 (6th Cir. Nov. 23, 1998) (citing *Farmer*, 511 U.S. at 837-38)).

Furthermore, to the extent that plaintiff claims defendants were negligent or otherwise seeks to hold defendants liable for failing to comply with state regulations or ODRC policy (*see* Doc. 1-1, Complaint at PageID 14), he has failed to state a claim actionable in this § 1983 proceeding.  *See, e.g.*, *Warren v. Doe*, 28 F. App'x 463, 464 (6th Cir. 2002) (citing *Ritchie v. Wickstrom*, 938 F.2d 689, 692 (6th Cir. 1991), as support for holding that "the district court properly dismissed [the plaintiff's] case because his allegations involved mere negligence that is not actionable under § 1983").  *See also See Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007) ("Allegations of state law or state constitutional violations will not support a § 1983 claim."); *Smith v. Freland*, 954 F.2d 343, 347–48 (6th Cir. 1992) (violation of municipal policy does not create liability under § 1983); *McVeigh v. Bartlett*, No. 94–2347, 1995 WL 236687 (6th Cir. Apr. 21,

---

[2] Plaintiff's claim against defendant Holdren is distinguishable at least in this regard, as plaintiff alleges that he complained to Holdren about the prison conditions (Doc. 1-1, Complaint at PageID 15-16).  Plaintiff's claim against Holdren is worthy of further development and as noted above, out of an abundance of caution, plaintiff may proceed with this claim at this juncture in the proceedings.

6

1995) ("failure to comply with a prison policy . . . does not rise to the level of a constitutional violation because the policy directive simply does not create a protectable liberty interest.").

Accordingly, plaintiff's claims against defendants Chambers-Smith and Erdos should be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's claims against defendant Inspector Linnea Mahlman are also subject to dismissal at the screening stage. As noted above, in his third claim, plaintiff alleges that Mahlman violated his due process rights by failing to process his complaints/grievances, investigate his complaints, and placing him on grievance restriction. However, plaintiff's claims against Mahlman brought in connection with the grievance process cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug.03, 1998) (citations omitted). *See e.g., ., Hill v. Warden, Southern Ohio Corr. Facility,* No. 1:12cv63, 2012 WL 1639991, at *2 (S.D. Ohio Mar. 13, 2012) (Litkovitz, M.J.) (Report & Recommendation) (recommending dismissal of portion of complaint complaining about "the failure of prison staff to provide [plaintiff] with inmate grievance forms and other deficiencies in the inmate grievance procedure" because "plaintiff has no federal constitutional right to an effective prison grievance procedure"), *adopted*, 2012 WL 1623565 (S.D. Ohio May 9, 2012) (Weber, J.). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).

7

To the extent that plaintiff claims that his restricted access to the grievance process resulted in a constitutional violation, he has also failed to state a claim upon which relief may be granted. "The Sixth Circuit repeatedly has held that placement on modified access does not constitute an adverse action for purposes of a retaliation claim." *Weatherspoon v. Williams*, No. 2:14-cv-108, 2015 WL 2106401, at *5 (W.D. Mich. May 6, 2015) (citing *Jackson v. Madery,* 158 F. App'x. 656, 660 (6th Cir. 2005); *Walker v. Michigan Dep't of Corr.,* 128 F. App'x 441, 446 (6th Cir. 2005); *Kennedy v. Tallio,* 20 F. App'x. 469, 471 (6th Cir. 2001); *Corsetti v. McGinnis,* 24 F. App'x. 238, 241 (6th Cir. 2001)). The right to file institutional grievances without being subject to retaliation extends only to the filing of non-frivolous grievances and "an ordinary person of reasonable firmness would not be deterred from filing non-frivolous grievances merely because he or she had been placed on modified status." *Walker,* 128 F. App'x. at 445–46. Accordingly, plaintiff has failed to state a claim upon which relief may be granted to the extent that he alleges a constitutional violation in connection with being placed on restricted access to the grievance process.

Plaintiff has also failed to state claim upon which relief may be granted based on his allegation that Mahlman has prevented him from exhausting his claims through the administrative grievance process. (Doc. 1-1, Complaint at PageID 19). While the Prison Litigation Reform Act's exhaustion requirement is "mandatory," with steps to exhaustion defined by the prison's grievance process, *Jones v. Bock*, 549 U.S. 199, 211 (2007), an inmate need only exhaust "available" remedies under the statute, not unavailable ones, *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). *See also Paolone v. Altiere*, No. 4:12CV1344, 2012 WL 5463871, at *3 (N.D. Ohio Nov. 8, 2012) ("A corrections officer therefore cannot prevent an inmate from proceeding to court by refusing to accept a grievance or an appeal.").

Accordingly, plaintiff's claims seeking to hold Mahlman liable in connection with the grievance process should be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, in sum, plaintiff may proceed with his Eighth Amendment conditions-of-confinement claim against defendant Holdren and his Eighth Amendment medial-care claim against defendant Conley. Having found that the remaining claims alleged in the complaint fail to state a claim upon which relief may be granted, plaintiff's remaining claims should be dismissed with prejudice. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), with the exception of plaintiff's Eighth Amendment conditions-of-confinement claim against defendant Holdren and medical-care claim against defendant Conley.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal shall serve a copy of the complaint, summons, the Order granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Holdren and Conley as directed by plaintiff, with costs of service to be advanced by the United States.

Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the

Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

2. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: <u>January 25, 2023</u>	*s/Peter B. Silvain, Jr.*
	Peter B. Silvain, Jr.
	United States Magistrate Judge