IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Terrance J. Feaster, | : | |
| | : | Case No. 1:22-cv-453 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting in Part and Modifying in Part the Report and Recommendation |
| Annette Chambers-Smith, *et al.*, | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on the Order and Report and Recommendation entered by Magistrate Judge Peter B. Silvain, Jr. and the Objections to the Report and Recommendation filed by Plaintiff Terrance J. Feaster. (Docs. 5, 8.) For the reasons that follow, the Court will **ADOPT IN PART AND MODIFY IN PART** the Report and Recommendation and **OVERRULE IN PART AND UPHOLD IN PART** the Objection.

I.      BACKGROUND

Feaster, an inmate formerly housed at the Southern Ohio Correctional Facility ("SOCF"),[1] initiated this suit by filing a Motion for Leave to Proceed *In Forma Pauperis* with an attached proposed Complaint on August 4, 2022. (Doc. 1.) The Magistrate Judge granted him leave to proceed *in forma pauperis* on January 1, 2023, and the Complaint was filed. (Docs. 3, 4.)

In the Complaint, Feaster asserts three claims against five defendants in their individual capacities only in connection with his incarceration at SOCF in Lucasville, Ohio. In Count One, he asserts a claim for failure to protect from harm against Defendants Annette Chambers-Smith, the director of the Ohio Department of Rehabilitation & Corrections ("ODRC"), Ronald Erdos,

---

[1] Feaster has been transferred to the Ohio State Penitentiary in Youngstown, Ohio.

1

the SOCF warden, and Greg Holdren, the SOCF safety and health coordinator. (Doc. 4 at PageID 44–46.) In Count Two, he asserts a claim for inadequate medical treatment or deliberate indifference to serious medical needs against David Conley, an SOCF nurse practitioner. (*Id.* at PageID 46–48.) In Count Three, he asserts a claim for a due process violation and retaliation against Defendant Linnea Mahlman, the SOCF inspector. (*Id.* at PageID 48–50.)

The Magistrate Judge then entered the pending Order and Report and Recommendation after completing his *sua sponte* review of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) to determine if the suit was frivolous, failed to state a claim for relief, or was filed against a defendant who is immune from suit. (Doc. 5.) The Magistrate Judge recommended that Feaster's Count One claim against Holdren and Count Two claim against Conley be permitted to proceed, but he also recommended that the Count One claim against Chambers-Smith and Erdos and the Count Three claim against Mahlman be dismissed for failure to state claims upon which relief can be granted. (*Id.* at PageID 61.)

On February 2, 2023, Feaster filed his Objections to the Report and Recommendation. (Doc. 8.) He asserts that the Report and Recommendation should be rejected to the extent that the Magistrate Judge recommended dismissing the claims against Chambers-Smith, Erdos, and Mahlman. (*Id.* at PageID 155.)

II. **STANDARD OF REVIEW**

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. Parties then have fourteen days to make, file, and serve specific written objections to the report and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party files objections to a report and recommendation on a dispositive matter, a district judge

must review it under the de novo standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).[2] "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

### III. ANALYSIS

Applying a de novo review, the Court will adopt the Magistrate Judge's recommendation to dismiss Count One against Chambers-Smith, the ODRC director, and Erdos, the SOCF warden. Feaster is attempting to plead a claim against them for a violation of his constitutional rights pursuant to 42 U.S.C. § 1983. However, respondeat superior is not available as a theory of recovery under § 1983. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Moreover, each defendant's liability for a constitutional violation under § 1983 must be assessed individually, based on his or her own actions. *Dorsey v. Barber,* 517 F.3d 389, 399 n. 4 (6th Cir. 2008). It follows that supervisors such as Chambers-Smith and Erdos are liable only if they encouraged, participated in, authorized, approved, or knowingly acquiesced in the unconstitutional conduct of their subordinates. *See*, *e.g.*, *Troutman v. Louisville Metro Dep't of Corr.*, 979 F.3d 472, 488 (6th Cir. 2020); *Taylor v. Mich. Dep't of Corrs.*, 69 F.3d 76, 81 (1995). Here, Feaster has not alleged facts sufficient to plausibly suggest that Chambers-Smith or Erdos were aware of the allegedly deplorable living conditions which caused his injuries. Feaster has failed to state a § 1983 claim against them upon which relief can be granted.

Regarding the Count Three claim against Mahlman, the SOCF inspector, Feaster specifically argues that the Magistrate Judge failed to address his retaliation allegations. Feaster

---

[2] "[T]he district court need not provide *de novo* review where the objections are frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (cleaned up). Additionally, *de novo* review applies only to matters involving disputed facts. *Id.*

alleges that Mahlman directed prison officers to "toss"—shakedown or disorganize—his cell and take his complaints as retaliation against him for filing grievances about black mold and fungus at SOCF. (Doc. 4 at PageID 49–50; Doc. 8 at PageID 155.) A First Amendment retaliation claim has three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The adverse action "threshold is intended to weed out only inconsequential actions." *Id.* at 398.

The Court agrees with the Magistrate Judge that Feaster's general claims against Mahlman brought in connection with the grievance process do give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998) (citations omitted). However, prisoners have a First Amendment right to file non-frivolous institutional grievances without being subject to retaliation. *Walker v. Mich. Dep't of Corrs.*, 128 F. App'x 441, 445 (6th Cir. 2005). Feaster alleges that Mahlman sent two officers to toss his cell and take his complaints. (Doc. 4 at PageID 49.) It is true that "[a] single shakedown, unaccompanied by excessive use of force, verbal threats, a pattern of previous questionable shakedowns or other such factors, would not meet the adverse action standard." *Reynolds-Bey v. Harris*, 428 F. App'x 493, 503–504 (6th Cir. 2011); *see also Tate v. Campbell*, 85 F. App'x 413, 417 (6th Cir. 2003) (stating that "the single search of a prisoner's cubicle does not rise to the level of an Eighth Amendment violation"). On the other hand, the Sixth Circuit has held that two shakedowns of an inmate's cell, coupled with the removal of his legal papers and medical diet snacks, was sufficiently adverse to satisfy the second prong of a retaliation claim. *Bell v.*

4

*Johnson*, 308 F.3d 594, 605 (6th Cir. 2002). At this early stage in the case, the Court finds that Feaster's allegations are more akin to *Bell* than to *Reynolds-Bey* because he alleges that officers took his complaints when they tossed his cell. Accordingly, the Court will allow Feaster to proceed on his retaliation claim against Mahlman only insofar as she directed prison officers to toss his cell and take his complaints.

### IV. CONCLUSION

For the foregoing reasons, the Report and Recommendation is **ADOPTED IN PART AND MODIFIED IN PART** and Plaintiff Feaster's Objections are **OVERRULED IN PART AND UPHELD IN PART**. In addition to allowing the Count One claim against Defendant Holdren and the Count Two claim against Defendant Conley to proceed, the Court will allow the Count Three claim to proceed against Defendant Mahlman to the extent Plaintiff Feaster alleges that she ordered two officers to toss his cell and take his complaints. Any appeal of this Order would not be taken in good faith for purposes of 28 U.S.C. § 1915(a)(3).

The United States Marshal shall serve a copy of the Complaint, Summons, the Order granting Plaintiff Feaster *in forma pauperis* status, and the Order and Report and Recommendation, and this Order upon Defendant Mahlman as directed by Plaintiff Feaster, with costs of service to be advanced by the United States.

Plaintiff Feaster shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney(s), a copy of every further pleading or other document submitted to the Court for consideration. Plaintiff Feaster shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or Defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a

5

certificate of service will be disregarded by the Court.

      **IT IS SO ORDERED.**

                              BY THE COURT:

                              S/Susan J. Dlott
                              Susan J. Dlott
                              United States District Judge