UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TERRANCE J. FEASTER, | : | Case No. 1:22-cv-453 |
| Plaintiff, | : | |
| vs. | : | District Judge Susan J. Dlott |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| ANNETTE CHAMBERS-SMITH, *et al.*, | : | |
| Defendants. | : | |

# ORDER

This matter is currently before the Court upon Plaintiff's Motion for an Order Compelling Service (Doc. #16). Plaintiff requests that the Court direct service to Defendants Greg Holdren and Linnea Mahlman.

*Defendant Greg Holdren*

Plaintiff specifically asks that the Court direct the United States Marshal to serve Defendant Holdren "in a second attempt as the first attempt at service of summons was returned unexecuted …." (Doc. #16, *PageID* #191).

The summons as to Defendants Holdren was issued on January 26, 2023. (Doc. #6). On April 28, 2023, the summons as to Defendant Holdren was returned unexecuted. (Doc. #12). An attached letter from the Staff Legal Office at the Southern Ohio Correctional Facility (SOCF) advised that service on Defendant Greg Holdren was being "returned as not deliverable as addressed" because SOCF does not have an employee with that name. *Id.* at 178.

To the extent that Plaintiff seeks to serve Defendant Holdren at the same address, Plaintiff's request is denied. There is no evidence to suggest that service at the same address

would be effective.

However, based on the current posture of the case, the Court finds further delays in service would be prejudicial to the parties, this Court, and the interests of the public at large. Because Plaintiff is incarcerated and is unable to obtain the home addresses of any current or former prison personnel, additional intervention by the Court is necessary. At present, the employment status of Defendant Greg Holdren remains unclear, as does the issue of whether he will be represented by the Attorney General, assuming service can be perfected.

In other cases involving a similar failure of service, courts in the Southern District of Ohio have directed the Ohio Attorney General to notify the Court of the named Defendants' current employment status with the State of Ohio, and – to the extent no longer employed – to provide home addresses of the Defendants to the Court *in camera* (not filed of record). After the Attorney General filed the addresses *in camera*, the Court directed them to be filed of record but under seal, without access to the public or the parties and with access restricted to Court personnel in order to safeguard institutional security concerns. *See, e.g., Spencer v. Morgan, et al.*, 1:14-cv-696 (Doc. #s 24, 26), *Thompson v. Ohio Department of Rehabilitation and Corrections, et al.*, 1:14-cv-935 (Doc. #s 41, 45), *Thomas v. State of Ohio, et al.*, 1:16-cv-00473 (Doc. #s 27, 28), *Daymond Haywood v. Correctional Officer Fri, et al.*, 1:18-cv-00361 (Doc. #s 8, 11), *Cornelius L. Harris v. Ronald Erdos, et al.*, 1:20-cv-00769 (Doc. #s 8, 10), *Jermeal White v. Warden R. Erdos, et al.*, 1:19-cv-01007 (Doc. #s 42, 47), *Terry Tyrone Pullen, Jr. v. Corrections Officer Tabor, et al.*, 1:20-cv-00050 (Doc. #s 19, 22), *Andrew McGowan v. Ronald Erdos, et al.*, 1:22-cv-00035 (Doc. #s 13, 16), and *Bates v. Hale, et al.,* 1:22cv488 (Doc. #s 16, 18). This same procedure will be employed in the present case.

Accordingly, the Ohio Attorney General is **ORDERED**, within ten (10) days, to file a statement of record indicating whether either Defendant Greg Holdren remains employed within the Ohio prison system, and if so, at what institutional location he may be served. If the Defendant is no longer employed by Ohio, the Ohio Attorney General shall submit *in camera* the home address (or last address on file) of the Defendant, if available.

*Defendant Linnea Mahlman*

On May 1, 2023, District Judge Dlott directed the United States Marshal to serve Defendant Linnea Mahlman with a copy of the Complaint, Summons, the Order granting Plaintiff *in forma pauperis* status, the Order and Recommendation, and the Order Adopting in Part and Modifying in Part the Report and Recommendation. (Doc. #13, *PageID* #184). However, there is no indication on the docket of this case that service was issued.

Accordingly, the United States Marshal is **DIRECTED** to serve a copy of the following documents on Defendant Mahlman: Complaint (Doc. #4), Summons (Doc. #1-2), the Order granting Plaintiff *in forma pauperis* status (Doc. #3), the Order and Report and Recommendation (Doc. #5), and the Order Adopting in Part and Modifying in Part the Report and Recommendation (Doc. #13). The costs of service shall be advanced by the United States.

Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or Defendants' counsel. Any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion for an Order Compelling Service (Doc. #16) is **GRANTED**, in part, and **DENIED**, in part;

2. The Ohio Attorney General is **ORDERED**, within ten (10) days, to file a statement of record indicating whether either Defendant Greg Holdren remains employed within the Ohio prison system, and if so, at what institutional location he may be served. If the Defendant is no longer employed by Ohio, the Ohio Attorney General shall submit *in camera* the home address (or last address on file) of the Defendant, if available; and

3. The United States Marshal is **DIRECTED** to serve a copy of the following documents on Defendant Mahlman: Complaint (Doc. #4), Summons (Doc. #1-2), the Order granting Plaintiff *in forma pauperis* status (Doc. #3), the Order and Report and Recommendation (Doc. #5), and the Order Adopting in Part and Modifying in Part the Report and Recommendation (Doc. #13). The costs of service shall be advanced by the United States.

October 5, 2023                                         *s/Peter B. Silvain, Jr.*
                                                        PETER B. SILVAIN, JR.
                                                        UNITED STATES MAGISTRATE JUDGE