UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| TERRANCE J. FEASTER, | : Case No. 1:22-cv-453 |
| Plaintiff, | : |
| vs. | : District Judge Susan J. Dlott |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| ANNETTE CHAMBERS-SMITH, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION[1]

This case is before the Court upon Plaintiff's Motion for Sanctions (Doc. #26) and Defendants' Response in Opposition (Doc. #28).

Plaintiff moves for sanctions pursuant to Fed. R. Civ. P. 11(b) against Defendants' attorney, D. Chadd McKitrick, for misleading and/or deceiving him. (Doc. #26, *PageID* #213). Plaintiff asserts that on March 30, 2023, he asked Mr. McKitrick if the Ohio Attorney General's Office represented Defendant Greg Holdren.[2] *Id.* at 214, 218-19. On April 17, 2023, Mr. McKitrick responded that his clients rejected the proposed settlement agreement. *Id.* at 214, 220. According to Plaintiff, Mr. McKitrick's statement "led [him] to believe that possible service and representation was acquired by Greg Holdren." *Id.* at 214. Plaintiff asserts that he was prejudiced and delayed by Mr. McKitrick's conduct because he later found out that service had not been executed as to Holdren and representation had not been retained. *Id.* Plaintiff contends that he

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Specifically, Plaintiff wrote, "I would also inquire on the fact that you also represent Defendant Gregory Holdren in the case at bar as well." (Doc. #26, *PageID* #218). The remainder of Plaintiff's letter concerns his proposed settlement agreement. *Id.* at 218-19.

would have filed his motion compelling service (Doc. #16) sooner if he had not been "effectively misled" by Mr. McKitrick or received "notice of unexecuted service on defendants." *Id.* at 215.

Defendants oppose Plaintiff's Motion, asserting that it should be denied because "it is moot, Rule 11 does not support sanctions in this circumstance, and Plaintiff's own exhibits compel denial of his motion." (Doc. #28).

Rule 11 "affords the district court the discretion to award sanctions when a party submits to the court pleadings, motions or papers that are presented for an improper purpose, are not warranted by existing law or a nonfrivolous extension of the law, or if the allegations and factual contentions do not have evidentiary support." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510 (6th Cir. 2002) (citing Fed. R. Civ. P. 11(b)(1)-(3)).  The test for whether Rule 11 sanctions are warranted is whether the conduct for which sanctions are sought was "reasonable under the circumstances." *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 528 (6th Cir. 2006) (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997)). A court may not rely on "the wisdom of hindsight" in determining whether the challenged conduct was reasonable under the circumstances; rather, the court must determine what was reasonable to believe at the time the pleading, motion, or other paper was submitted. *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (quoting *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987)).  It is required, however, that a party seeking sanctions under Rule 11 must follow a two-step process: "first, serve the Rule 11 motion on the opposing party for a designated period (at least twenty-one days); and then file the motion with the court." *Ridder*, 109 F.3d at 294. This process, known as the "safe harbor" provision, is an "absolute requirement." *Id.* at 296.  The purpose of the safe-harbor provision is "to allow the nonmovant a reasonable period to reconsider the legal and factual basis for his

2

contentions and, if necessary, to withdraw the offending document." *Penn, LLC v. Prosper Business Dev. Corp.*, 773 F.3d 764, 767 (6th Cir. 2014) (citing Fed. R. Civ. P. 11(c) Advisory Committee Notes (1993 Amendments)).

For the following reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Sanctions (Doc. #26) be **DENIED**. First, Defendants and/or Defendants' attorney did not submit Mr. McKitrick's letter to the court. *See* Fed. R. Civ. P. 11(b) ("By *presenting to the court* a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation ….") (emphasis added). Furthermore, Plaintiff offers no indication that he complied with the mandatory safe harbor provision of Rule 11. *See Penn*, 773 F.3d at 767 ("Failure to comply with the safe-harbor provision precludes imposing sanctions on the party's motion.") (citation omitted).

Finally, the Court finds that Mr. McKitrick's April 17, 2023 letter was reasonable under the circumstances. Although Plaintiff did mention representation of Defendant Holdren in his March 30, 2023 letter, the majority of Plaintiff's letter addresses a proposed settlement agreement. (Doc. #26, *PageID* #218). Mr. McKitrick reasonably responded to Plaintiff's proposed settlement agreement; he did not confirm or deny whether the Ohio Attorney General's Office represented Defendant Holdren. *Id.* at 219. Thus, the evidence does not support Plaintiff's accusation that Mr. McKitrick misled or deceived him.

**IT IS THEREFORE RECOMMENDED THAT**:

Plaintiff's Motion for Sanctions (Doc. #26) be **DENIED**.

July 25, 2024

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).