UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TERRANCE FEASTER, | : | Case No. 1:22-cv-453 |
| Plaintiff, | : | |
| vs. | : | District Judge Susan J. Dlott |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| ANNETTE CHAMBERS-SMITH, *et al.*, | : | |
| Defendants. | : | |

## ORDER

This case is before the Court upon Plaintiff's Motion for Physical Examination (Doc. #45), Plaintiff's Letter (Doc. #46), Defendants' Response in Opposition (Doc. #47), and Plaintiff's Reply (Doc. #49).

**I.** **Background**

On January 25, 2023, *pro se* Plaintiff commenced this action by filing claims against five Defendants, in their individual capacities, related to his incarceration at Southern Ohio Correctional Facility ("SOCF"). (Doc. #4). Following the Court's initial review of his Complaint, Plaintiff's remaining claims include: 1) failure to protect from harm against Defendant Greg Holdren, the SOCF safety and health coordinator; 2) inadequate medical treatment or deliberate indifference to serious medical needs against Defendant David Conley, a nurse practitioner at SOCF; and 3) due process violations and retaliation against Defendant Linnea Mahlman, an inspector at SOCF. (Doc. #13).

On July 31, 2024, Plaintiff filed a Motion for Physical Examination requesting an Order for Plaintiff to submit to a physical examination along with an x-ray "to determine the exact nature

and extent of the injuries in controversy herein." (Doc. #45, *PageID* #279). In the affidavit accompanying the Motion, Plaintiff asserted that "the defendants has (sic) no means of knowing other than by examination by approved methods, the injuries complained of not being patent or clearly to be seen without such examination," and Plaintiff "is without the necessary funds to pay any expenses for a physical exam and requests all costs be paid at the end of this action and expenses be accosted to the party court ordered." (Doc. #45-1, *PageID* #s 281, 282). Plaintiff did not cite any procedural authority or case authority in his Motion. A letter filed alongside Plaintiff's Motion claimed that a separate physical exam is necessary because of the existing conflict of interest between Plaintiff and Defendant Conley, the nurse practitioner who would presumably conduct an on-site examination of Plaintiff at SOCF. (Doc. #46). Additionally, Plaintiff claimed the Ohio Department of Rehabilitation and Correction "provides the bare minimum of care and do not offer photographs of the injuries in controversy." *Id*. at 285.

In their Response in Opposition to Plaintiff's Motion for Physical Examination, Defendants presumed Plaintiff's Motion was made pursuant to Fed. R. Civ. P. 35(a). (Doc. #47). Defendants highlighted Plaintiff's misapplication of this rule and also condemned Plaintiff's financing request for the examination. *Id*.

In Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Physical Examination, he cited Fed. R. Civ. P. 35(a) and further explained his justification for the examination which included obtaining x-rays and pictures of his injuries as well as to "provide to the court, parties, and submit into evidence[,] exhibits that not only identify the injury but give visible support to plaintiff's claims." (Doc. #49, *PageID* #295).[1] Plaintiff also asserted he "suffers

---

[1] Plaintiff also requested a 90-day extension of the discovery deadline that is set to expire on 10/16/24. (Doc. #49. *PageID* #297). However, since Plaintiff's Motion is being denied, a discovery extension is unnecessary.

2

from toenail fungal (sic)" and "resipiratory (sic) issues/complications" allegedly due to the conditions at SOCF. *Id*. at 296.

## II. Discussion

Filings from *pro se* plaintiffs are to be construed liberally. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005). However, the Sixth Circuit has also recognized that liberally construing filings and pleadings does not mean disregarding "basic pleading essentials in *pro se* suits." *Bates v. Ohio Dep't of Rehab.*, No. 1:22-CV-337, 2023 U.S. Dist. LEXIS 84343, *4 (S.D. Ohio May 12, 2023) (Litkovitz, M.J.) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Additionally, while filings are to be construed liberally, this Court has no duty to recharacterize Plaintiff's Motion as something other than what it is purporting to be. *See Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (denying recharacterization of a *pro se* § 1983 complaint as a habeas corpus petition).

Although Plaintiff did not cite to any statutory or case authority in his Motion, Plaintiff indicated in his Reply that his Motion was filed pursuant to Fed. R. Civ. P. 35(a). Given Plaintiff's affirmative use of the Rule in his Reply, this Court will assess Plaintiff's Motion by applying Fed. R. Civ. P. 35(a). *See Young Bok Song*, 423 F. App'x at 510 (stating that the Court is not obligated to scrutinize pro se filings "to determine whether there is a cause of action other than the one pleaded by the plaintiff that is more advantageous to him.").

Plaintiff's Motion for Physical Examination is outside the scope of Fed. R. Civ. P. 35(a) because his Motion requests a physical examination of *himself*. A motion to submit to a physical or mental examination is governed by Fed. R. Civ. P. 35(a). Under that Rule, a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Plaintiff's

3

Motion requested an Order requiring Plaintiff to submit to a physical examination along with an x-ray "to determine the exact nature and extent of the injuries in controversy herein." (Doc. #45, *PageID* #279). While a court may order a party to submit to a physical or mental examination, "a party may not use Rule 35 to order a physical examination *upon himself*." *In re Ohio Execution Protocol Litig.*, No. 2:11-CV-1016, 2019 U.S. Dist. LEXIS 158984, *19 (S.D. Ohio Sep. 18, 2019) (Merz, M.J.). *See Negron v. Farley*, No. 4:12-CV-603, 2012 U.S. Dist. LEXIS 46683, *3 (N.D. Ohio Apr. 3, 2012) (Adams, D.J.). "Procedurally, the Rule 'affords an *opposing* party the opportunity to conduct an examination of a plaintiff.'" *Chandler v. Escobar*, No. 4:10-CV-00591, 2010 U.S. Dist. LEXIS 112323, *5 (N.D. Ohio Aug. 20, 2010) (Pearson, M.J.) (quoting *Hill v. DesMarais*, No. 2:09-CV-1109, 2010 U.S. Dist. LEXIS 73060, *2 (S.D. Ohio June 28, 2010) (McCann King, M.J.)) (emphasis added). Thus, Plaintiff's request for a physical examination of himself under Fed. R. Civ. P. 35(a) is improper.

Further, Plaintiff does not suggest that he attempted the use of non-judicial methods to achieve his goals before involving this Court, such as individually requesting a medical appointment for x-rays at SOCF, requesting a medical exam by a nurse practitioner other than Defendant Conley, or following up with Defendants as to the status of responses to Plaintiff's discovery requests.

The Ohio Department of Rehabilitation and Correction offers prisoners the opportunity to unilaterally request medical attention for acute medical issues by "complet[ing] a Health Services Request form and drop[ping] it into a designated Health Services Request collection box at the institution."[2] Plaintiff seeks a physical examination, x-rays, and photographs of his alleged injuries. (Doc. #49, *PageID* #293). While there is no guarantee the medical personnel at SOCF

---

[2] OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, https://drc.ohio.gov/systems-and-services/4-medical-services (last visited Oct. 2, 2024).

would be receptive to requests for a specific course of treatment since x-rays "or additional diagnostic techniques or forms of treatment . . . [are] a classic example of a matter for medical judgment," *Estelle v. Gamble*, 429 U.S. 97, 107 (1976), Plaintiff could have attempted to submit a Health Services Request form requesting x-rays for his alleged medical conditions.

Plaintiff also noted Defendant Conley is currently an Advanced Level Provider at SOCF and presumed Defendant Conley would conduct an examination if Plaintiff were to be examined on-site at SOCF. (Doc. #46, *PageID* #285). Plaintiff stated this would be a conflict of interest given Defendant Conley's involvement in this litigation. *Id*. However, Plaintiff's Motion did not indicate whether Plaintiff requested the presence of another medical provider other than Defendant Conley or if such a request was denied.

In his Reply, Plaintiff seemingly asserted that his Motion also stemmed from Defendants' failure to produce Plaintiff's medical records. Plaintiff asserted he "requested his Medical Record as well as other documents pertaining to prison conditions and renovations via discovery . . . in his 'SECOND REQUEST FOR PRODUCTION OF DOCUMENTS' dated 7/21/2024 and 7/29/2024 and has yet to receive a response." (Doc. #49, *PageID* #296). However, Plaintiff did not demonstrate whether he followed up with Defendants as to the status of his discovery request for his medical records in accordance with S.D. Ohio Civ. R. 37.1 before filing this Motion.

Plaintiff appears to have involved this Court without exploring non-judicial solutions to his dilemma such as submitting a Health Services Request form for x-rays, requesting to be examined by a nurse practitioner other than Defendant Conley, or by conferring with Defendants as to the status of his discovery request pursuant to S.D. Ohio Civ. R. 37.1.

## IT IS THEREFORE ORDERED THAT:

Plaintiff's Motion for Physical Examination (Doc. #45) is **DENIED**.

November 8, 2024                                              *s/Peter B. Silvain, Jr.*
                                                              Peter B. Silvain, Jr.
                                                              United States Magistrate Judge