UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| TERRANCE FEASTER, | : Case No. 1:22-cv-453 |
| Plaintiff, | : |
| vs. | : District Judge Susan J. Dlott |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| ANNETTE CHAMBERS-SMITH, *et al.*, | : |
| Defendants. | : |

**ORDER**

This case is before the Court upon Plaintiff's Motion Compelling Discovery and Request Compelling Testing Be Conducted at S.O.C.F. (Doc. #63), Defendants' Response in Opposition (Doc. #67), Plaintiff's Reply (Doc. #75), Plaintiff's Motion to Compel Production of First Set of Interrogatories (Doc. #78), Defendants' Response in Opposition (Doc. #79), Defendants' Motion to Supplement Defendants' Response to Plaintiff's Motion to Compel (Doc. #80), and Plaintiff's Reply (Doc. #81).

**I.     Background**

On January 25, 2023, *pro se* Plaintiff commenced this action by filing claims against five Defendants, in their individual capacities, related to his incarceration at Southern Ohio Correctional Facility ("SOCF"). (Doc. #4). Following the Court's initial review of his Complaint, Plaintiff's remaining claims include: 1) failure to protect from harm against Defendant Greg Holdren, the SOCF safety and health coordinator; 2) inadequate medical treatment or deliberate indifference to serious medical needs against Defendant David Conley, a nurse practitioner at

SOCF; and 3) due process violations and retaliation against Defendant Linnea Mahlman, an inspector at SOCF. (Doc. #13).

## II. Standard of Review

The Federal Rules of Civil Procedure state that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

If the opposing party fails to produce requested discovery documents, a party may file a motion to compel. Fed. R. Civ. P. 37(a)(1). When filing a motion to compel, the moving party must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* Additionally, pursuant to the Local Rules of this Court, the parties must first exhaust "extrajudicial means for resolving their differences" before filing a motion related to discovery. S.D. Ohio Civ. R. 37.1. *See Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-CV-116, 2010 U.S. Dist. LEXIS 35585, at *2 (S.D. Ohio Apr. 12, 2010) (McCann King, M.J.) ("The obligation of counsel to meet and confer to resolve differences as to discovery disputes is a requirement of the Federal Rules of Civil Procedure as well as of the Local Rules of this Court.").

Additionally, "[t]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters.*, 270 F.R.D. 298, 302 (S.D. Ohio Oct. 7, 2010) (McCann King, M.J.) (citation omitted). "While a plaintiff should 'not be denied access to information necessary to establish her claim,' a plaintiff may not be 'permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" *Johnson v. Gallia Cty. Comm'rs*, No. 2:20-CV-65, 2021 U.S. Dist.

2

LEXIS 34173, at *4 (S.D. Ohio Feb. 24, 2021) (Preston Deavers, M.J.) (quoting *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016)).

### III. Discussion

#### A. Plaintiff's First Motion to Compel (Doc. #63)

In Plaintiff's first Motion to Compel, he seeks an order compelling Defendants to respond to his First and Second Requests for Production of Documents. (Doc. #63, *PageID* #s 404-07). He further requests that the Court order "testing of all showers at S.O.C.F. for toxic materials" and "a complete inspection of S.O.C.F. housing areas … by the (ODH) Ohio Department of Health or (E.P.A.) Environmental Protection Agency …." *Id.* at 407.

Defendants oppose Plaintiff's Motion, asserting that Plaintiff failed to include a certification that he first made a good faith attempt to confer with the opposing party regarding the requested discovery in accordance with Fed. R. Civ. P. 37. (Doc. #67, *PageID* #s 472-73). Further, they contend that Plaintiff failed to exhaust extrajudicial means for resolving their differences as required by S.D. Ohio Civ. R. 37.1. *Id.* at 473. Finally, Defendants assert that the Court should deny Plaintiff's request for testing and an inspection because the Ohio Department of Health and Environmental Protection Agency are not parties to this case and, "even if the proposed tests were conducted, it would not yield any evidence germane to Plaintiff's claims as the tests would show the current condition of SOCF rather than its state in 2020 (the time of Plaintiff's conditions of confinement allegation." *Id.* at 473-74.

In his Reply, Plaintiff "concedes 'without [p]rejudice to Motion to Compel Discovery' insofar as to comply with non-Judicial means of Telephone Conference between both Parties and the Court upon consideration of a[n] agreed upon schedule of discovery matters in accordance to an 'ADR' pursuant to S.D. Ohio Civ. R. 37.1." (Doc. #75). However, in Plaintiff's Second Motion

3

to Compel, he requests that the Court "enjoin and resume 'Plaintiff's Motion to Compel Production of Documents' (Doc. #63) as 'good faith' resolution talks have failed." (Doc. #78, *PageID* #563).

Plaintiff failed to comply with not only the Local Rules of this Court, but also the Federal Rules of Civil Procedure. *See Steinmetz v. Harrison*, No. 1:14-CV-829, 2015 U.S. Dist. LEXIS 97046, at *3 (S.D. Ohio July 24, 2015) (Litkovitz, M.J.). Under the Local Rules of this Court, Plaintiff must exhaust all extrajudicial means for resolving discovery deficiencies prior to asking this Court to intervene. S.D. Ohio Civ. R. 37.1. Plaintiff must also include a certification affirming his efforts to confer with Defendant in good faith pursuant to the Federal Rules of Civil Procedure. Fed. R. Civ. P. 37(a)(1).

Plaintiff did not disclose any efforts to confer with Defendant prior to filing his Motion to Compel, nor did Plaintiff attach supplemental documentation to his Motion demonstrating an effort to confer with Defendant via external communications or outreach. (Doc. #63). Additionally, Defendant noted in his Response that "Plaintiff was correct not to certify that his extrajudicial efforts reached an impasse, as no additional efforts were made." (Doc. #67, *PageID* #473). Plaintiff could have communicated with Defendant in good faith via "telephone, letter correspondence, or email," but failed to do so. *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 464 (S.D. Ohio 2015) (Newman, M.J.).

Plaintiff did not confer in good faith and also failed to exhaust extrajudicial remedies prior to filing his first Motion to Compel Discovery. As a result, Plaintiff's Motion to Compel Discovery did not satisfy the procedural requirements of this Court.

Based on Plaintiff's statements in his Second Motion to Compel, it is not clear whether Plaintiff is interested in an informal discovery teleconference with the Court regarding his outstanding discovery requests. If Plaintiff would like an informal discovery teleconference, he

4

should file a motion for an informal discovery teleconference. In his motion, he must include a summary of the dispute and include copies of any relevant discovery requests and responses.

To the extent Plaintiff requests testing and/or an inspection of various areas at SOCF, Plaintiff's request is **DENIED**. Plaintiff did not provide any legal basis for his request, and he has not demonstrated the relevance of the requested testing/inspection. Moreover, the Court lacks authority to compel non-parties—such as the Ohio Department of Health or Environmental Protection Agency—to conduct testing or inspections. *Shavers v. Bergh*, No. 2:07-cv-171, 2012 WL 1377169, at *2 (W.D. Mich. Mar. 29, 2012), Report and Recommendation, *adopted,* 2012 WL 1377103 (W.D. Mich. Apr. 19, 2012) ("This court only has jurisdiction over the named defendants and does not have authority to issue an injunction against non-parties to this action.").

Accordingly, Plaintiff's First Motion to Compel (Doc. #63) is **DENIED** without prejudice for renewal.

### B. Plaintiff's Second Motion to Compel (Doc. #78)

As an initial matter, shortly after filing their Response (Doc. #79) to Plaintiff's Second Motion to Compel, Defendants filed a Motion requesting to supplement their Response. (Doc. #80). Specifically, Defendant ask the Court to substitute Defendants' Exhibit A (Doc. #79-1)—a document that inadvertently contained both their Response and the Declaration of Jenna Ansel—with the exhibit attached to their Motion—the Declaration of Jenna Ansel (Doc. #80-1). Defendants' Motion to Supplement Defendants' Response (Doc. #80) is hereby **GRANTED**.

In Plaintiff's Second Motion to Compel, he seeks an order from the Court compelling Defendants Holdren and Conley to respond to his first set of interrogatories. (Doc. #78). Defendants oppose Plaintiff's Motion, asserting that it is moot because Defendants responded to Plaintiff's interrogatories. (Doc. #79, *PageID* #595). In support, Defendants attached the

5

Declaration of Jenna Ansel, a paralegal in the Criminal Justice Section in the Office of the Ohio Attorney General. (Doc. #80-1). Ms. Ansel attests that upon receipt of Plaintiff's Second Motion to Compel, she "again routed the responses for [] Defendants [Holdren and Conley] to the Plaintiff at AAG Alex Kennedy's directive." (Doc. #80-1, *PageID* #s 605-06). Defendants also contend that Plaintiff's Second Motion should be denied because Plaintiff failed to include a certification that he first made a good faith effort attempt to confer with the opposing party regarding the discovery dispute in accordance with Fed. R. Civ. P. 37 and S.D. Ohio R. 37.1. (Doc. #79, *PageID* #595).

In Plaintiff's Reply, he concedes that "the court may at this time deny this motion as moot" but "only because of Atty. B. Alexander Kennedy in collusion with S.O.C.F. Legal Dept. and their actions collectively to 'impede and play games with the plaintiff's confidential legal documents,' interrogatories of defendant G. Holdren were finally turned over after Legal Dept. reported to Atty. Kennedy plaintiff's intention to file (Doc. #78) after plaintiff's receipt for copies and documents." (Doc. #81, *PageID* #608). Plaintiff's Reply also includes requests related to his motion for a preliminary injunction/T.R.O., difficulties with the mail, grievances related to his claims, and settlement offers and/or demands. *Id.* at 609-16.

As Defendants Holdren and Conley responded to Plaintiff's first set of interrogatories, Plaintiff's Second Motion to Compel (Doc. #78) is **DENIED** as moot. To the extent that Plaintiff seeks relief beyond that asked for in his Second Motion to Compel, Plaintiff must file separate motions for such relief. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("[R]eply briefs *reply* to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration.").

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion Compelling Discovery and Request Compelling Testing Be Conducted at S.O.C.F. (Doc. #63) is **DENIED**;

2. Plaintiff's Motion to Compel Production of First Set of Interrogatories (Doc. #78) is **DENIED**; and

3. Defendants' Motion to Supplement Defendants' Response to Plaintiff's Motion to Compel (Doc. #80) is **GRANTED**.

September 18, 2025                                  *s/Peter B. Silvain, Jr.*
                                                    Peter B. Silvain, Jr.
                                                    United States Magistrate Judge