# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| TERRANCE J. FEASTER, | : Case No. 1:22-cv-453 |
| Plaintiff, | : |
| vs. | : District Judge Susan J. Dlott |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| ANNETTE CHAMBERS-SMITH, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION[1]

This case is before the Court upon Plaintiff's proposed "Order to Show Cause for a Preliminary Injunction and Temporary Restraining" (Doc. #53), Plaintiff's "Declaration and Memorandum in Support to Order for Preliminary Injunction and Temporary Restraining" (Doc. #54), Plaintiff's Exhibits in Support (Doc. #s 59-1 – 59-9), Defendants' Response in Opposition (Doc. #65), Plaintiff's Reply (Doc. #72), Plaintiff's Exhibits in Support of his Reply (Doc. #73).

## I. BACKGROUND

On January 25, 2023, *pro se* Plaintiff commenced this action by filing claims against five Defendants, in their individual capacities, related to his incarceration at Southern Ohio Correctional Facility ("SOCF"). (Doc. #4). Following the Court's initial review of his Complaint, Plaintiff's remaining claims include: 1) failure to protect from harm against Defendant Greg Holdren, the SOCF safety and health coordinator; 2) inadequate medical treatment or deliberate indifference to serious medical needs against Defendant David Conley, a nurse practitioner at SOCF; and 3) retaliation against Defendant Linnea Mahlman, an inspector at SOCF. (Doc. #13).

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

In November 2024, Plaintiff filed what appears to be a proposed "Order to Show Cause for a Preliminary Injunction and Temporary Restraining" (Doc. #53). He also filed a "Declaration and Memorandum in Support to Order for Preliminary Injunction and Temporary Restraining" (Doc. #54). Plaintiff did not, however, file a motion requesting a preliminary injunction and temporary restraining order.

At the end of December 2024, Plaintiff filed a motion for leave to file exhibits supporting his request for a preliminary injunction and temporary restraining order. (Doc. #59) (citing Doc. #s 53, 54). In the motion, he indicates that he requests a preliminary injunction and temporary restraining order. The Court granted Plaintiff's request for leave to file exhibits supporting his request for a preliminary injunction and temporary restraining order. (Doc. #88)

In January 2025, Defendants filed their Response in Opposition with supporting exhibits (Doc. #65). In February 2025, Plaintiff filed his Reply (Doc. #72) and supporting exhibits (Doc. #73). Plaintiff also filed a "Notice of Verification" related to his Complaint, attached exhibits, and his filings related to his request for a preliminary injunction and temporary restraining order (Doc. #s 53, 54, and 59). (Doc. #74).

II. **STANDARD OF REVIEW**

Rule 65 of the Federal Rules of Civil Procedure permits a party to a lawsuit to seek injunctive relief if he believes that he will suffer irreparable harm or injury while the suit is pending. Temporary restraining orders (TRO) and preliminary injunctions are extraordinary remedies "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington–Fayette Urban Co. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *PUI Audio Inc. v. Van Den Broek*, No. 3:21-cv-284, 2021 WL 4905461, at *3 (S.D. Ohio Oct. 21, 2021); *Kendall Holdings, Ltd. v. Eden Cryogenics LLC*, 630 F. Supp. 2d

853, 860 (S.D. Ohio 2008) (A TRO "should only be granted if the movant can clearly show the need for one.").

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;
2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
3. Whether an injunction will cause others to suffer substantial harm; and
4. Whether the public interest would be served by a preliminary injunction.

*Leary,* 228 F.3d at 736; *Overstreet*, 305 F.3d at 573. The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *Leary*, 228 F.3d at 736. Further, "a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe,* 341 F.3d 474, 476 (6th Cir. 2003)*, abrogated on other grounds by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing

*Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

### III. DISCUSSION

In his proposed order, Plaintiff appears to request relief related to non-parties including SOCF Warden Cynthia Davis, Warden Assistant Brandi Trelka, Unit Management Chief Jeremy Oppy, Deputy Warden of Special Services Nicole Joseph, SOCF/Warden's Designee of Institutional Inspector Kevin Parker, Assistant A. Hockett, Investigator Fred Denny, Mailroom Supervisor/Officers Jason Taylor and J. Daulton, Unit Manager Brian Nolan, SOCF Officers Brian Barney, A. Cooper, M. Dillow, C. Evans, M. Evans, and G. Lawson, Captain H. Bell, Viapath Technologies, and agent Ethel Ewing, as well as "Officers, agents, and all persons acting in concert or participation with them." (Doc. #53, *PageID* #s 313-15). Plaintiff asks that they be:

> restrained from Racist, Discriminatory, and Retaliatory practices, Failing to provide legal services, withholding, interfering, and disrupting Plaintiff's Mail without viable cause, denying, discarding, and deleting Plaintiff's kites and grievances e-filed, failing to provide copies of grievances/kites and any evidentiary Material subject to Release, violating Plaintiff's civil rights, violating Policies, Public Law, and statutes proscribed by the constitution of the United States, Ohio Administrative Code, Ohio Revised Code, and Ohio [D]epartment of Rehabilitation and Corrections['] policies, Viapath tech./agents from breaching contractual/user agreements ….

*Id.* at 315.

In Plaintiff's Declaration and Memorandum, he asserts that there are several problems at SOCF. First, Plaintiff contends the individuals named in his proposed order, all of whom are employees or former employees of SOCF, "have and are still continuing to train, practice, participate, and or act utilizing Racist and discriminatory practices, Retaliation tactics,

4

Intentionally and sexually harassing tactics, blatantly and brutally assaulting the plaintiff and other prisoners at [SOCF] by use of unreported Force, Specifically with Physical or chemical Forms." (Doc. #54, *PageID* #318).  Second, Plaintiff alleges the SOCF Warden "has allowed toxic substances to enter the prison causing extreme security concerns as well as medical emergencies …." *Id.* at 319.  Third, according to Plaintiff, the SOCF Warden and designated safety and health coordinator "have allowed the already deplorable conditions … to continue to deteriorate further." *Id.*  Fourth, Plaintiff asserts that the Warden, her administration, and Viapath Technologies agent Ethel Ewing "utilize the contracted vendor to continue antagonizing and provoking the prisoners and denying prisoners contractually/user agreed upon services." *Id.*  Fifth, Plaintiff alleges, "the Medical and legal departments under the supervision of DWSS Nicole Joseph is non existent and provides below bare minimum services …." *Id.* at 320.  Finally, according to Plaintiff, "Mailroom Operations via Jason Taylor has continued to delay and discard or interrupt mail services." *Id.* Plaintiff requests "relief in the form of a prison transfer and T.R.O to deter these actors from the blatant retaliation, racism, and malicious acts …." *Id.* at 323.

In support of his request, Plaintiff attached (1) his May 19, 2024 informal complaint regarding Corrections Officers Mr. and Mrs. Evans and Sergeant Evans and his May 25, 2025 informal complaint regarding legal mail (Doc. #59-2); (2) two grievance summaries (Doc. #59-3); (3) Plaintiff's requests for kite/grievance printouts/ICR and for notification of grievances (Doc. #59-4); (4) a conduct report and hearing officer's report regarding an incident on May 11, 2024 (Doc. #s 59-5 and 59-6); (5) a conduct report, RIB disposition, Warden's decision, and classification appeals regarding an incident on June 14, 2024 (Doc. #59-7); (6) Declaration of Abdul Lakes (Doc. #59-8); and (7) Plaintiff's letter to Hearcel Craig and the response (Doc. #59-9).

Defendants oppose Plaintiff's request for a preliminary injunction or temporary restraining order. (Doc. #65). Defendants argue that Plaintiff's request bears no relation to the subject matter of his complaint and seeks to control the actions of non-parties. *Id.* at 455. Moreover, Defendants contend that Plaintiff has offered no evidence indicating he has a strong likelihood of success on the merits and Plaintiff will suffer no injury absent the injunction. *Id.* at 456. According to Defendants, "He asks for library services he already has, and air and cell cleanliness conditions he is already experiencing. If Plaintiff violates prison disciplinary policies, he is held to the same standard as every other inmate." *Id.* In support of the Response, Defendants attached the Declaration of Bobby Kingrey, SOCF's Safety and Health Coordinator (Doc. #65-2) and the Declaration of Nicole Joseph, SOCF's Deputy Warden of Special Services (Doc. #65-1). Additionally, Defendants included the conduct report regarding Plaintiff from May 11, 2024 (Doc. #65-3) and the Use of Force Committee Report regarding a non-party spraying Plaintiff with OC on October 24, 2024 (Doc. #65-4).

In his Reply, Plaintiff maintains that he has shown a strong likelihood of success on the merits and that he will suffer an irreparable injury without an injunction. (Doc. #72, *PageID* #498). In support, Plaintiff points to the exhibits he submitted previously (Doc. #59) as well as new exhibits (Doc. #73) that he filed with his Reply.

"'[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). "This is because '[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the

6

complaint.'" *Id.* (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

Here, Plaintiff has failed to show the necessary relationship between his request for injunctive relief and the claims alleged in his Complaint.  Indeed, Plaintiff's filings and evidence in support of his request for injunctive relief focus largely on the alleged actions of non-parties.  For example, Plaintiff attached his informal complaint, grievance history, and conduct report regarding alleged harassment and retaliation by Correction Officer Evans, among others.  (Doc. #s 59-2, 59-3, 59-5, 59-6).  In his Reply, Plaintiff further describes his conflict with Correction Officer C. Evans and Sergeant M. Evans.  (Doc. #72, *PageID* #s 498-501).  He also explains that Correction Officer G. Lawson submitted a false conduct report, and Conduct Hearing Officer M. Dillow and R.I.B. Chairpersons B. Barney and A. Cooper violated Ohio Administrative Code and ODRC policies.  *Id.* at 500-01; *see* Doc. #s 59-5, 59-6, 59-7.  However, Corrections Officer C. Evans, Sergeant M. Evans, Conduct Hearing Officer M. Dillow, and R.I.B. Chairpersons B. Barney and A. Cooper are not defendants in this case.  The other individuals that Plaintiff specifically refers to in his proposed order are likewise not defendants in this case.  Although both the underlying case and the request for injunctive relief involve questions regarding the conditions at SOCF and retaliation by SOCF employees, a claim of the same nature is insufficient standing alone to establish the necessary relationship between the complaint and the motion for injunctive relief.  According, the undersigned recommends that Plaintiff's request for injunctive relief against non-parties should be **DENIED**.

Plaintiff also requests that he be transferred to another prison.  (Doc. #54, *PageID* #323).  However, Plaintiff has not alleged facts sufficient to warrant the extraordinary remedy of a preliminary injunction or TRO.  He has not presented any evidence either showing a substantial

likelihood of success on the merits of his constitutional claims. Rather, as noted above, Plaintiff raises issues in his motion for a TRO/preliminary injunction that are unrelated to the merits of the claim presented in his Complaint. A motion for a TRO or preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable. *Arrington v. Scott*, No. 12-cv-529, 2013 WL 1080298 (W.D. Mich. January 7, 2013).

Moreover, a TRO/preliminary injunction is not warranted here because the purpose of a TRO/preliminary injunction—to preserve the status quo until a trial on the merits can be held, *see S. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991)—would not be served. Plaintiff does not seek to preserve the status quo. Instead, he asks to be transferred to another prison, in order to remedy unproven constitutional violations and retaliation allegations not included in his Complaint. Such requests do not preserve the status quo of the parties and do not serve the purpose of a TRO/preliminary injunction.

Finally, "[i]ssuing preliminary injunctive relief transferring Plaintiff to a different prison would result in harm to both the defendants and the public, because providing appropriate supervision of [Ohio's] inmate population necessarily requires the ability to determine where prisoners are appropriately housed." *Carter v. Bouchard*, No. 21-cv-12309, 2021 WL 5774541, at *3 (E.D. Mich. Oct. 14, 2021), *report and recommendation adopted*, No. 21-12309, 2021 WL 5770739 (E.D. Mich. Dec. 6, 2021); *see also Tolliver v. Noble*, No. 2:16-cv-1020, 2019 WL 2559512, at *2 (S.D. Ohio June 21, 2019) ("Both [ODRC] and the public have an interest in prison officials' ability to regulate the transfer of inmates between facilities. Prison officials 'are in a far better position than this court is to evaluate the needs of the prison system writ large and, more specifically, the proper placement of Plaintiff within that system.'") (quoting *Fisher v. Caruso*,

No. 06-CV-11110, 2007 WL 551603, at *3 (E.D. Mich. Feb. 20, 2007)); *McKune v. Lile*, 536 U.S. 24, 39 (2002) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). It is therefore recommended that Plaintiff's request for injunctive relief be **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT**:

Plaintiff's Request for a Preliminary Injunction and/or Temporary Restraining Order be **DENIED**.

December 30, 2025                                          *s/Peter B. Silvain, Jr.*
                                                          Peter B. Silvain, Jr.
                                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).